IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Yamassee Indian Tribe, | C/A No.: 1:13-1577-TLW-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Allendale County Government; Mr. Walter H. Sanders, Jr.; Harvey E. Rouse, Tax Assessor; Joe Mole, III; Ms. Thessa Smith; Calvin Brantley; and Elouise Brantley, | |
| Defendants. | |

Plaintiff Yamassee Indian Tribe alleges a violation of its rights under state and federal laws by the Allendale County Government, employees of Allendale County, and private individuals ("Defendants"). The sole issues in this Report and Recommendation are: (1) whether Plaintiff should be required to pay the filing fee; and (2) whether Plaintiff may proceed in this action *pro se*. All pretrial proceedings in this matter were referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(b) and (e) (D.S.C.).

I.      Factual Background

Plaintiff submitted an unsigned complaint alleging state and federal claims against Defendants for actions taken in relation to property Plaintiff purchased at a tax sale. [Entry #1 at 1]. Motions attached to the complaint, seeking leave to proceed *in forma pauperis* [Entry #3], a writ of federal protection [Entry #5], and seizure of Defendants'

assets [Entry #6], were signed by a Yamassee Indian Tribe Chief Brenda "Red Crow' Webb ("Webb") and Chairman Honorable Al-Golden Owl Bey ("Bey").

On June 13, 2013, the court ordered Plaintiff to provide additional information required for initial review and documents necessary to advance this case. [Entry #10]. Plaintiff complied with the court's order by submitting a standard application to proceed in district court without prepaying fees or costs. [Entry #3-1]. Plaintiff's motion to proceed *in forma pauperis* indicates that it is a "self funding tribe, where funds are only received from their members for day to day operations." [Entry #3 at 1]. Plaintiff asserts that it has no income and lists automobiles used by the tribe as its only assets. *Id.*; Entry #3-1 at 2. Plaintiff indicates that it has eight hundred dollars in cash, checking, or savings accounts, and no debts or financial obligations. [Entry #3-1 at 2]. Plaintiff lists the "entire tribe" as dependents. *Id.*

Plaintiff also answered the court's special interrogatories. [Entry #13]. Plaintiff's answers state that it is an artificial business entity, registered as a public charity with the South Carolina Secretary of State.[1] [Entry #13 at 1]. Webb and Bey signed Plaintiff's interrogatory answers and complaint. *Id.* at 3; Entry #1-16. These individuals are not attorneys licensed to practice law before this court. [Entry #13 at 2].

---

[1] The South Carolina Secretary of State lists Plaintiff as Yamassee Indian Tribe, Inc. *See* http://www.sos.sc.gov/Search%20Charities (last visited July 25, 2013).

II.     Discussion

    A.     Payment of the Filing Fee

Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). However, there is no clear precedent in the Fourth Circuit concerning a magistrate judge's authority to issue an order to deny an application to proceed *in forma pauperis*.[2] The Sixth Circuit has concluded that a magistrate judge cannot issue an order to deny an application to proceed *in forma pauperis*. *See Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990). Specifically, the *Woods* court ruled that a denial of an application to proceed *in forma pauperis* by a magistrate judge is the functional equivalent of an involuntary dismissal, which cannot be granted by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). *Id.* at 187. The Tenth and Fifth Circuits have reached similar conclusions. *See Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Donaldson v. Ducote*, 373 F.3d 622, 623–25 (5th Cir. 2004). Therefore, the undersigned submits a Report and Recommendation so that Plaintiff may obtain a *de novo* review by the district judge on objections.

    A litigant is not required to show that he is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a). *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 337–44 (1948). However, the "privilege to proceed

---

[2] The Fourth Circuit has held that, absent consent to the jurisdiction of the magistrate judge, proper review of a magistrate judge's denial of a plaintiff's motion to proceed *in forma pauperis* is in the district court. *Gent v. Radford Univ.*, No. 99-1431, 1999 WL

without posting security for costs and fees is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). In *Carter v. Telectron, Inc.*, 452 F. Supp. 939 (S.D. Tex. 1976), the court enunciated three legal tests to determine whether a person should proceed *in forma pauperis* under 28 U.S.C. § 1915:

> (1) Is the litigant barred from the federal courts by the reason of its "impecunity"?
>
> (2) Is the litigant's access to the courts blocked by the imposition of an undue hardship?
>
> (3) Is the litigant forced to contribute his last dollar, or render himself destitute, to prosecute the claim?

*Id.* at 943; *see also Abbot v. Commissioner of Social Security*, C/A No. 4:10-2253-JFA-TER, 2010 WL 4226151, at *1 (D.S.C. Sept. 17, 2010), *adopted by* 2010 WL 4220550 (D.S.C. Oct. 20, 2010).

Information before the court indicates that Plaintiff has no debts or financial obligations and has eight hundred dollars available to pay the filing fee. [Entry #3-1 at 2]. Mindful of the tests set forth in *Carter*, it does not appear that Plaintiff would be rendered destitute by paying the filing fee of four hundred dollars,[3] nor is there any indication that requiring payment of the filing fee would impose an undue hardship or effectively block Plaintiff's access to the courts. *See Carter*, 452 F. Supp. at 942.

---

503537, at *1 (4th Cir. July 16, 1999). However, the court did not specify a standard of review. *Id.*

[3] Effective May 1, 2013, an administrative fee of $50 was added to the filing fee of $350.

Therefore, the undersigned recommends that Plaintiff's motion to proceed *in forma pauperis* be denied.

      B.     *Pro Se* Representation

Plaintiff is identified as a Native American Tribal Government in the complaint. [Entry #1 at 1]. Some federal courts have permitted *pro se* representation of an Indian tribe. *See Fraass Survival Systems, Inc. v. Absentee Shawnee Economic Dev. Auth.*, 817 F. Supp. 7 (S.D.N.Y. 1993) (holding that a federally-recognized Indian tribe, which was not a corporation, partnership or unincorporated association, could appear *pro se*); *Northeast Woodland-Coos Tribe v. Dept. of Social Servs.*, C/A No. 92-40149-GN, 1993 WL 35262 (D. Mass. Feb. 8, 1993). However, federal courts have generally refused to allow non-attorneys to represent Indian tribes that are not federally recognized. *See In re Neil's Mazel, Inc.*, No. 00-22010–dte, 2013 WL 2019375, at *8 (Bankr. E.D.N.Y. May 14, 2013) (holding that "[w]ithout such recognition, there is no 'partially sovereign' status, and hence no sovereign prerogative to appear in federal court by a non-attorney"); *Unalachtigo Band of the Nanticoke-Lenni Lenape Nation v. State of N.J.*, C/A No. 05-5710, 2007 WL 4547501, at *3–4 (D.N.J. Dec. 17, 2007) (holding that *pro se* representation of an Indian tribe that was not federally recognized constituted the unauthorized practice of law); *see also Cherokee of Lawrence Cnty., Tenn. v. United States*, No. 06-158L, 2006 WL 5668261, at *2 (Fed. Cl. Sept. 1, 2006) (striking complaint filed by non-attorney Chief of Indian tribe that was not acknowledged by the federal government).

Plaintiff asserts that it constitutes a federally-recognized Indian tribe. [Entry #13 at 2–3]. However, Plaintiff also indicates that it is an artificial business entity, and parties who are not natural persons may not appear *pro se*. *Rowland v. California Men's Colony*, 506 U.S. 194, 202–03 (1993). While 28 U.S.C. § 1654 allows individuals to "plead and conduct their own cases personally," the statute does not extend that right to represent other parties, and courts "have interpreted this section to preclude a corporation from appearing through a lay representative." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991); *see also Ashbaugh v. Corp. of Bolivar*, No. 11-1632, 2012 WL 3935950, at *1 (4th Cir. Sept. 11, 2012). Federal courts faced with the issue of allowing an Indian tribe that is also a non-profit corporation to proceed *pro se* have declined to do so. *See Native American Council of Tribes v. Weber*, C/A No. 09-4182-KES, 2011 WL 2898081, at *1–2 (D.S.D. July 18, 2011) (requiring Native American non-profit to retain substitute counsel upon withdrawal of attorney); *Unalachtigo*, 2007 WL 4547501, at *4 (holding that even if Indian tribe could demonstrate federal recognition, it could not be permitted to proceed *pro se* because it was also a non-profit corporation). Because Plaintiff is an artificial business entity, it cannot proceed *pro se* in this action, or appear through lay representatives.

III.    Conclusion and Recommendation

For the foregoing reasons, it is recommended that the district judge deny Plaintiff's motion to proceed *in forma pauperis* [Entry #3] and allow Plaintiff twenty-eight days from the date of the order denying *in forma pauperis* status to submit the filing fee and obtain counsel. If Plaintiff does not pay the filing fee and retain counsel within

that time period, the case is recommended for dismissal. Because Plaintiff cannot proceed *pro se* in this action, it is also recommended that Plaintiff's motion for writ of federal protection [Entry #5] and motion for writ of seizure of assets [Entry #6] be denied at this time, without prejudice.

    IT IS SO RECOMMENDED.

July 25, 2013                                           Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).