IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Yamassee Indian Tribe, <br><br> PLAINTIFF <br><br> v. <br><br> Allendale County Government; Mr. Walter H. Sanders, Jr.; Harvey E. Rouse, Tax Assessor; Joe Mole, III; Ms. Thessa Smith; Calvin Brantley; and Elouise Brantley, <br><br> DEFENDANT | C/A No. 1:13-cv-1577-TLW <br><br><br> **Order** |

This action, brought by the *pro se* Plaintiff Yamassee Indian Tribe (Tribe), alleges state and federal claims against the Defendants for actions taken regarding property the Tribe allegedly purchased at a tax sale. (Doc. #1 at 1.) Before the Court are the Tribe's Motion for Leave to Proceed *in forma pauperis* (Doc. #3), "Motion for Writ of Federal Protection" (Doc. #5), and "Motion for Writ of Seizure of Assets" (Doc. #6). Additionally, the Court is presented with the question of whether the Tribe may appear *pro se* in this action. For the reasons stated below, the Court denies the Tribe's motions, and declines to rule at this time on the question of whether the Tribe may appear *pro se*.

## I.   Factual and Procedural History

The Tribe seeks $431 million in actual damages and $50 million in punitive damages from the Defendants in this property dispute. (Doc. #1-1 at 4.) All of the Tribe's filings in this case were signed by Yamassee Indian Tribe Chief Brenda "Red Crow" Webb and Chairman Honorable Al-Golden Owl Bey. Neither Webb nor Bey are attorneys licensed to practice law

1

before the Court. (Doc. #13 at 2.)

Pretrial proceedings were referred to the magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(b) and (e). The magistrate judge ordered the Tribe to answer special interrogatories regarding its ability to proceed *pro se*, which it did on June 17, 2013. (Doc. #13.)

In the Complaint, the Tribe identifies itself as a "Native American Tribal Government," (Doc. #1 at 1), and in its answers to the special interrogatories, the Tribe implied that it is a federally-recognized tribe, (Doc. #13 at 2–3). The Tribe has now clarified that it is not federally recognized and "ha[s] no desire to be such." (Doc. #20 at 5.) In the Tribe's answers to the special interrogatories, it stated that it is an artificial business entity, registered as a public charity with the South Carolina Secretary of State. (Doc. #13 at 1–2.)

The magistrate judge issued a Report and Recommendation (Report) recommending that the Tribe's motion to proceed *in forma pauperis* be denied and that the Tribe be required to submit the filing fee and obtain counsel within 28 days of the date of the order. (Doc #18 at 6.) The Report also recommends that the Tribe's Motion for Writ of Federal Protection and Motion for Writ of Seizure of Assets be denied, without prejudice. (*Id.* at 7.) The Tribe filed an objection to the Report, asserting that it now has only $243.11 in cash[1] and that it should be permitted to proceed *pro se*. (Doc. #20.)

---

[1] At the time it filed its motion to proceed *in forma pauperis*, the Tribe asserted that it had $800 in cash. (Doc. #3-1 at 2.)

## II. Discussion

### A. Standard of Review

The magistrate judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The magistrate judge makes only a recommendation to the Court. The Report has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

### B. Payment of Filing Fee

"Th[e] privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Three tests are used to determine whether a person may proceed *in forma pauperis* under 28 U.S.C. § 1915:

(1) Is the litigant barred from the federal courts by reason of his impecunity?

(2) Is the litigant's access to the courts blocked by the imposition of an undue hardship?

(3) Is the litigant forced to contribute his last dollar, or render himself destitute, to prosecute the claim?

*Carter v. Telectron, Inc.*, 452 F. Supp. 939, 943 (S.D. Tex. 1976).

When the Tribe filed its motion to proceed *in forma pauperis*, it stated that it had $800 in

its bank account. Though the Tribe asserted in its objection to the Report that, at the time it filed the objection, it only had $243.11 in cash, this motion to proceed *in forma pauperis* is controlled by the information contained in the motion. Applying the *Carter* tests, the Court finds that the Tribe is neither effectively barred from the federal courts nor forced to render itself destitute to pursue its claims, and therefore may not proceed *in forma pauperis*.

Furthermore, even if the Tribe were destitute, it would still not be permitted to proceed *in forma pauperis*. In *Rowland v. California Men's Colony*, 506 U.S. 194 (1993), the Supreme Court held that § 1915 applies only to individual persons. *See id.* at 201. Thus, because the Tribe is not an individual person, it may not proceed *in forma pauperis*.

### C. Temporary Restraining Order

The Tribe's Motion for Writ of Federal Protection, which the Court construes as a motion for temporary restraining order, seeks "an order preventing ALL Defendants from harassing, intimidating, annoy[ing], imped[ing] or obstruct[ing] the [Tribe] and/or their property in any way." (Doc. #5.) The Tribe "believe[s] that Defendants would in some way or method antagonize the [Tribe] purportedly by unknown means in their present Governmental capacities . . . ." (*Id.*)

Issuance of a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction. *Moore v. Kempthorne*, 464 F. Supp. 2d 519, 525 (E.D. Va. 2006). As a form of preliminary injunctive relief, a temporary restraining order is "an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A plaintiff seeking injunctive relief must establish the following four elements: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm if the injunction is not granted; (3) the balance of equities tips in the plaintiff's

favor; and (4) the injunction is in the public interest. *Id.* at 20. A plaintiff must demonstrate more than a mere possibility of irreparable harm because injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22.

After careful consideration, the Court finds that the Tribe has failed to establish the elements required for the issuance of a temporary restraining order.

### D. Attachment

The Tribe's Motion for Writ of Seizure of Assets, which the Court construes as a motion for attachment pursuant to Fed. R. Civ. P. 64 and S.C. Code Ann. §§ 15-19-10 to -110, seeks "an order preventing ALL Defendants from deliberately disposing of financial Assets that may be due to [the Tribe]." (Doc. #6.) The Tribe's motion is not accompanied by an affidavit and does not provide any facts supporting the Tribe's belief that the Defendants are deliberately disposing of their financial assets.

Rule 64 provides generally that every state law remedy available for seizing property to secure a potential judgment applies to federal cases. South Carolina's attachment law is found in S.C. Code Ann. §§ 15-19-10 to -110, and it provides generally that a plaintiff seeking a prejudgment attachment must show by affidavit that the debtor is trying to evade his creditors or has removed or is about to remove his property from the state with intent to defraud his creditors. *See* S.C. Code Ann. §§ 15-19-30 and -50.

After careful consideration, the Court finds that the Tribe has failed to establish that it is entitled to an attachment order.

E.  Pro Se

At this time, the Court declines to rule on the question of whether the Tribe is entitled to proceed *pro se*.

## III.  Conclusion

For the reasons stated, the Report is **ACCEPTED IN PART**.  The Tribe's Motion for Leave to Proceed *in forma pauperis* (Doc. #3) is **DENIED**.[2]  The Tribe's Motion for Writ of Federal Protection (Doc. #5) and Motion for Writ of Seizure of Assets (Doc. #6) are **DENIED WITHOUT PREJUDICE**.  The Tribe has 28 days from the date of this Order to submit the required filing fee.  If the Tribe does not submit the filing fee within that time, the Clerk is directed to dismiss this action without prejudice, without need of any further order from the Court.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

October 28, 2013
Columbia, South Carolina

---

[2] The denial of *in forma pauperis* status removes the privilege of filing a case without paying the filing fee.  Furthermore, the denial shifts the responsibility for service of process back to the filing party, as the Court will not effect service of process pursuant to 28 U.S.C. § 1915(d).  In this case, summonses will not be issued unless and until the Tribe timely pays the filing fee, at which time an Order authorizing service will be issued by the Magistrate Judge.