IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Yamassee Indian Tribe, | ) | C/A No.: 1:13-1577-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Allendale County Government; Mr. Walter H. Sanders, Jr.; Harvey E. Rouse, Tax Assessor; Joe Mole, III; Ms. Thessa Smith; Calvin Brantley; Elouise Brantley, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter comes before the court on motion of Plaintiff Yamassee Indian Tribe, filed on December 30, 2013, seeking a temporary restraining order ("TRO Motion"). [Entry #34].

I.   Factual and Procedural Background

The TRO Motion alleges that "40 armed SLED, and Allendale County Sheriff Deputies" raided Plaintiff's reservation on December 11, 2013, and held tribal members at gunpoint "while their homes were being searched, and tribal members [were] being harassed and antagonized." [Entry #34 at 1]. Police officers arrested Chief Brenda Red Crow Webb and Chief Justice CJ Webb (collectively "the Webbs") on allegedly "false accusations and charges." *Id.* Plaintiff alleges that unspecified individuals made "racial slurs" toward Chief Brenda Red Crow Webb and Plaintiff believes the raid and arrests were racially motivated and in retaliation for having filed a lawsuit in this case. *Id.* at 1–

2. Plaintiff claims deputies are continually driving by the reservation and this alleged "stalking" by deputies and other unspecified government officials places Plaintiff in fear. *Id.* at 2. Therefore, Plaintiff seeks the issuance of a TRO. *Id.*

II.     Discussion

    A.     Standard of Review

A party seeking a preliminary injunction or temporary restraining order must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[1] A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 555 U.S. at 22; *Real Truth*, 575 F.3d at 345–46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 555 U.S. at 19–20; *Real Truth*, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the party's favor. *See Real Truth*, 575

---

[1] Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Comm'n*, 558 U.S. 310 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case, 575 F.3d at 345–47, stating the facts and articulating the standard for the issuance of preliminary injunctions, before remanding it to the district court for consideration in light of *Citizens United*. *See The Real Truth About Obama, Inc. v. Federal Elections Comm'n*, 607 F.3d 355 (4th Cir. 2010).

2

F.3d at 346–47.[2] Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 555 U.S. at 19–23).

B.  Analysis

The TRO Motion alleges state law enforcement officers, who are not defendants in this action, raided Plaintiff's reservation demonstrating "clear hatred," and arrested the Webbs for unspecified reasons. [Entry #34 at 1]. While Plaintiff claims these actions are in retaliation for filing this lawsuit, *id.* at 2, it provides no facts to support such an allegation.  To the extent that Plaintiff relies on the temporal proximity between the alleged raid/arrests and the filing of this lawsuit or issuance of an order denying Plaintiff's previous motion for a writ of federal protection, *id.* at 1, such a fact is insufficient to state a claim of retaliation. *See Wagner v. Wheeler*, 13 F.3d 86, 91 (4th Cir. 1993) ("Temporal proximity" between a plaintiff's exercise of a constitutionally-protected activity and the alleged retaliatory action "is simply too slender a reed on which to rest" a retaliation claim). In addition, Allendale County online records indicate that charges associated with the Webbs' arrests are unrelated to the facts giving rise to the instant lawsuit.[3] *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)

---

[2] Based on *Winter*, the *Real Truth* Court expressly rejected and overruled *Blackwelder'*s sliding scale approach that formerly allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. *Real Truth*, 575 F.3d at 347; *Winter*, 555 U.S. at 20–22.

[3] Allendale County online records reflect an arrest of Brenda Diane Webb and Clifford Jewel Webb on December 12, 2013, for the offense of "children/custody order pending/transport child under 16Y, not returned within 72 hours." *See*

3

(court may "properly take judicial notice of matters of public record").  Thus, as an initial matter, Plaintiff fails to demonstrate a likelihood of success on the merits of its claims in the TRO Motion.

Further, while Plaintiff cites constant law enforcement presence near the reservation as causing fear and intimidation, it provides no facts to demonstrate that Plaintiff is in any imminent danger of irreparable harm.[4]  [Entry #34 at 2].  Plaintiff also fails to meet its burden of proving that the balance of equities tips in its favor or show that the public interest would be served by the issuance of a restraining order in this case. Because Plaintiff has not demonstrated a likelihood of success on the merits or irreparable harm, and because the balance of the equities and the public interest involved do not warrant the extraordinary remedy of injunctive relief, Plaintiff's TRO Motion should be denied.

III.   Conclusion and Recommendation

For the foregoing reasons, it is recommended that the district judge deny Plaintiff's TRO Motion [Entry #34].

---

http://publicindex.sccourts.org/Allendale/PublicIndex/PISearch.aspx (last visited January 7, 2014).

[4] To the extent Plaintiff alleges harm associated with the Webbs' arrest by state law enforcement officers, these individuals may challenge their arrests in state court proceedings.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

January 10, 2014  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).