IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Yamassee Indian Tribe, | ) | C/A No.: 1:13-1577-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Allendale County Government; Mr. | ) | REPORT AND RECOMMENDATION |
| Walter H. Sanders, Jr.; Harvey E. | ) | |
| Rouse, Tax Assessor; Joe Mole, III; Ms. | ) | |
| Thessa Smith; Calvin Brantley; Elouise | ) | |
| Brantley, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on the motion to dismiss of defendants Allendale County Government, Walter H. Sanders, Harvey E. Rouse, Joe Mole, III, and Thessa Smith ("Allendale Defendants") filed on February 22, 2014 [Entry #46].[1] Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the dismissal procedures and the possible consequences if it failed to respond adequately to the motion. [Entry #50]. The motion having been fully briefed [Entry #57], it is ripe for disposition.

All pretrial proceedings in this matter were referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). Because the motion to dismiss is dispositive, this report and recommendation is entered for the district judge's

---

[1] Motions for summary judgment have been filed by Plaintiff [Entry #67] and Calvin and Elouise Brantley [Entry #71]. If the district judge accepts the recommendation contained in this report, the motions for summary judgment will be rendered moot.

consideration.

For the reasons that follow, the undersigned recommends the court grant the motion to dismiss and deny Plaintiff's motion for summary judgment.

I.    Factual and Procedural Background

This action appears to derive over a dispute to approximately 60 acres of property in Allendale County, South Carolina ("Property"). The Property was purchased in 1996 by Calvin Brantley ("Brantley") and Freddie Hall, Jr. ("Hall") as tenants-in-common for approximately $40,000. [Entry #72-2 (deed recorded in Allendale County in Deed Book 106, Page 38)[2]]. On November 6, 2012, Hall executed a deed purporting to convey the land to "Yamasee Muskogee Nation" for $2,162.77 "paid to the Allendale County Tax Collector's Office, for the overdue taxes on the property for which this deed is being made . . . ." [Entry #72-3 (deed recorded in Allendale County in Deed Book 236, Page 19].

"Yamassee Indian Tribe" is the named plaintiff in the complaint purporting to allege state and federal claims against Allendale County, its County Attorney (Sanders), its County Administrator (Smith), its Building and Zoning Director (Mole), and its Tax Assessor (Rouse), as well as two other individuals, relating to its alleged interests in the Property. Plaintiff seeks $481 million dollars in actual and punitive damages. Plaintiff's filings are signed by Brenda "Red Crow" Webb, the purported Chief of the "Yamassee

---

[2]  A court may take judicial notice of factual information located in postings on government websites. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (court may "properly take judicial notice of matters of public record").

Indian Tribe," and Al–Golden Owl Bey. Neither Webb nor Bey are attorneys licensed to practice law before the court. [Entry #13 at 2].

The Allendale Defendants have moved to dismiss this action for failure to state a claim, asserting that Plaintiff is not an entity with standing to sue or be sued, and alternatively, if Plaintiff is an entity, it cannot appear in this court without counsel.[3] [Entry #46].

By prior directive, the undersigned ordered Plaintiff to answer special interrogatories regarding its ability to proceed pro se [Entry #10], which Plaintiff answered on June 17, 2013 [Entry #13]. In its complaint, Plaintiff identifies itself as a "Native American Tribal Government" [Entry#1 at 1], and in its answers to the special interrogatories, Plaintiff implied that it is a federally-recognized tribe [Entry #13 at 2–3]. Plaintiff has since clarified that it is not federally recognized and "ha[s] no desire to be such." [Entry #20 at 5]. Plaintiff's answers to the court's special interrogatories reflect that it is registered as a public charity with the South Carolina Secretary of State. [Entry #13 at 1–2]. In a Report and Recommendation dated July 25, 2013 ("Report"), the undersigned recommended that Plaintiff be required to obtain counsel within 28 days of the date of the order. [Entry #18 at 6]. The court declined to decide at that time whether Plaintiff may proceed pro se. [Entry #23]. The Allendale Defendants assert that question

---

[3] Although the motion to dismiss addresses the original complaint [Entry #1], Plaintiff subsequently sought to file an amended complaint [Entry #58]. The court granted Plaintiff's motion to amend, noting that Plaintiff sought only to amend the jurisdictional standing attachment to the complaint. [Entry #62]. The operative complaint is now the amended complaint [Entry #63]. The undersigned interprets the arguments in the motion to dismiss as concerning the amended complaint.

3

is now properly before the court, that Plaintiff is not an entity, and that this case should be dismissed. Alternatively, the Allendale Defendants assert that, if Plaintiff is an entity, it cannot appear without counsel. Because it appears that the court lacks subject matter jurisdiction over this case, the undersigned recommends the court grant the motion and dismiss this case in its entirety.

II.     Discussion

    A.     Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001). Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs. Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

4

B.   Analysis

1.   Plaintiff is not an entity and lacks standing to sue

As an initial matter, it appears that this court lacks subject matter jurisdiction over this matter. Under Article III, § 2 of the Constitution, federal courts have jurisdiction over a dispute only if it is a "case" or "controversy"; this is a "bedrock requirement." *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.,* 454 U.S. 464, 471 (1982). One element of the case-or-controversy requirement is to establish that the plaintiff has standing to sue. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992). "The requirement of standing . . . has a core component derived directly from the Constitution. A plaintiff must allege *personal* injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright,* 468 U.S. 737, 751 (1984) (emphasis added).

The Supreme Court has "consistently stressed that a plaintiff's complaint must establish that he has a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized as to him." *Raines v. Byrd,* 521 U.S. 811, 819 (1997). The Court has further warned "The fundamental aspect of standing is that it focuses on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated." *Flast v. Cohen,* 392 U.S. 83, 99 (1968). In determining whether a plaintiff has standing to sue, the question is "whether the person whose standing is challenged is a proper party to request an adjudication of a particular issue and not whether the issue itself is justiciable." *Id.* "A proper party is demanded so that federal courts will not be

5

asked to decide 'ill-defined controversies over constitutional issues,' or a case which is of 'a hypothetical or abstract character.'" *Id.* (internal citations omitted).

Yamassee Indian Tribe is not an organized business entity under Title 33 of the South Carolina Code. A search of the online records of the South Carolina Secretary of State's Office reveals no corporate business entity formed using the name Yamassee Indian Tribe. *See* http://www.sc.gov/pages/external.aspx?http://www.scsos.com/ (last visited July 17, 2014). Although the state records include a registered charity by Plaintiff's name, it appears the charity registration was suspended and expired on June 15, 2014. *Id.* [Entry #46-2].

Rule 17 provides that an action "must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17. The rule lists who may sue in their own names without joining the person for whose benefit the action is brought: (A) an executor; (B) an administrator; (C) a guardian; (D) a bailee; (E) a trustee of an express trust; (F) a party with whom or in whose name a contract has been made for another's benefit; and (G) a party authorized by statute. *Id.* Because Yamassee Indian Tribe does not fall in any of these categories, it is not a proper party to this action. Further, While Plaintiff lists a litany of statutes, or portions of statutes, in its amended complaint seeking $481 million in damages, none appears to give it authority to assert a cause of action in this case. Because Plaintiff failed to satisfy Fed. R. Civ. P. 17 and the standing requirement, this court lacks subject matter jurisdiction over the purported claims.

    2.    Plaintiff is not an individual and cannot proceed pro se

Even if Plaintiff were to satisfy the standing requirement, it is not an individual.

6

Therefore, Plaintiff must retain counsel in order to proceed. The United States Supreme Court has stated, "the lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (citations omitted). The Yamassee Indian Tribe was not represented by counsel when it filed its complaint. Thus, the suit was actually initiated by Ms. Webb and Mr. Bey. The rules governing the practice of law are clear that non-lawyers are not permitted to represent parties in federal court. *See United States v. Wilhelm,* 570 F.2d 461, 465 (3d Cir.1978). Moreover, while natural persons who are parties to federal actions are entitled to "plead and conduct their own cases personally," 28 U.S.C. § 1654, artificial entities such as corporations may not. Instead, "[i]t has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony,* 506 U.S. 194, 201-02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993); *see also Van De Berg v. Comm'r,* 175 Fed. Appx. 539, 541 (3d Cir.2006) ("'As a general matter, a corporation . . . can only appear in court through an attorney and not a non-attorney corporate officer appearing *pro se.*'" (quoting *Harrison v. Wahatoyas, L.L.C.,* 253 F.3d 552, 556 (10th Cir. 2001))). Thus, a non-lawyer's attempt to represent a corporate entity in federal court constitutes the unauthorized practice of law.

    3.    Plaintiff is not a recognized Indian tribe and cannot proceed pro se

Further, Plaintiff is not an Indian tribe to be afforded tribal status in this court.

7

Plaintiff is not an Indian tribe as defined by 25 U.S.C. § 479. The United States Government does not recognize "Yamassee Indian Tribe" as an Indian tribe. *See* 78 Fed. Reg. 26385-26389 (July 17, 2014). Because Plaintiff is not a recognized Indian tribe, it cannot be permitted to proceed pro se.

As the Court of Federal Claims noted in *Cherokee of Lawrence Cnty., Tennessee v. United States*:

> Pro se representation of an Indian tribe has been permitted in another court where the tribe was federally acknowledged as a sovereign entity. *See Fraass Survival Sys., Inc. v. Absentee Shawnee Economic Dev. Auth.*, 817 F.Supp. 7 (S.D.N.Y.1993). In *Fraass*, the court allowed an agency of the Shawnee Tribal Government to represent the Tribe *pro se*, while reserving the right to order appearance of counsel, should "*pro se* conduct [cause] any injustice to the interests of [opposing party] or the Court." *Id.* at 11. Judge Lowe regarded the tribe's sovereignty and its dependency on the United States as creating an "expectation of responsible interaction with other sovereigns." *Id.* at 10. However, an acknowledged Indian tribe which is not federally acknowledged is not considered a legal entity by the federal government. *See Hopland Band of Pomo Indians*, 855 F.2d 1573, 1576 (Fed.Cir. 1988) ("[I]n proper circumstances, Indian tribes are unique aggregations possessing attributes of sovereignty over both their members and their territory."); *Kahawaiolaa v. Norton*, 386 F.3d 1271, 1273 (9th Cir. 2004) ("[A]s far as the federal government is concerned, an American Indian tribe **does not exist as a legal entity** unless the federal government decides that it exists.").

*Cherokee of Lawrence Cnty., Tennessee v. United States*, 06-158L, 2006 WL 5668261 (Fed. Cl. Sept. 1, 2006). Moreover, "acknowledgment under these regulations is a prerequisite for certain federal services and benefits, entitling tribes 'to the immunities and privileges available to other federally acknowledged Indian tribes by virtue of their government-to-government relationship with the United States . . . .' 25 C.F.R. §83.2." *Kahawaiolaa v. Norton*, 386 F.3d 1271, 1273–74 (9th Cir. 2004).

8

*Fraass* does not support permitting Plaintiff to be represented by a lay person, or to appear *pro se* by its non-attorney representatives. As the *Unalachtigo* court recognized, the *Fraass* court's decision to allow the defendant to appear pro se was based on the unique circumstances of its tribal status, i.e., the combination of its sovereignty and dependency. Such circumstances, however, are a function of federal tribal recognition. *See* Rachael Paschal, *The Imprimatur of Recognition: American Indian Tribes and the Federal Acknowledgment Process,* 66 Wash. L. Rev. 209, 212–13 (1991) (explaining that federal recognition entitles Indian tribes to limited sovereignty as well as special federal assistance programs). By contrast, the "Yamassee Indian Tribe" is not federally recognized. The cases that Plaintiff cites to in its briefing all reflect federally-recognized tribes (e.g., Seminole, Catawba, Passamaquoddy, Shoshone, Coos, Cherokee), and are therefore distinguishable from Plaintiff.

Plaintiff has brought this action without an attorney, as Ms. Webb and Mr. Bey admit they are not attorneys. [Entry #13 at 2]. Therefore, they are unqualified to represent Plaintiff in this case. For these reasons, Plaintiff's complaint should be stricken. *Cherokee of Lawrence Cnty., Tennessee v. United States*, 06-158L, 2006 WL 5668261 (Fed. Cl. Sept. 1, 2006) (citing *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830-31 (7th Cir. 1986) (striking appearance and appellate brief filed by non-attorney (Chief) on behalf of unrepresented litigant)); 7 C.J.S. *Attorney & Client* § 29 (2004) ("Any acts or steps of the unauthorized petitioner will be disregarded and the papers and documents which he or she drafted should be stricken.").

        4.      No federal question or diversity

Plaintiff having failed to demonstrate it is a federally-recognized Indian tribe, or even a legitimate corporate entity registered to do business in South Carolina, it can neither sue nor be sued in the current procedural posture. Further, Plaintiff's complaint is subject to review pursuant to the obligation of this court to ensure that it has jurisdiction. *See Interstate Petroleum Corp. v. Morgan*, 249 F.3d 215, 219 (4th Cir. 2001) (discussing the requirement that the court "consider questions regarding jurisdiction . . . even *sua sponte*"). A federal court is limited to exercising only its authority under Article III of the Constitution or as granted by federal statute. *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because of the limits on its jurisdiction, there is no presumption that a federal court has jurisdiction. *Pinkley, Inc. v. City of Frederick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999). Thus, a federal court is required to determine, *sua sponte*, if there is a valid basis for jurisdiction, and to dismiss any action over which it cannot exercise jurisdiction. *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the question of jurisdiction may be raised at any time, the Fourth Circuit has determined that it is most efficiently raised at the outset of litigation. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

The plaintiff in an action bears the responsibility of alleging facts which provide the court with its jurisdiction. *Pinkley*, 191 F.3d at 399; *see also* Fed. R. Civ. P. 8(a)(1) (requiring "a short and plain statement of the grounds for the court's jurisdiction" in a pleading with a claim for relief). The mere assertion of a federal claim is not enough to

establish jurisdiction. *Lovern*, 190 F.3d at 654. Indeed, the Fourth Circuit has warned that a federal court must be on guard for the litigant who alleges a pretextual federal issue in order to have a state law claim adjudicated in its court—a violation of Article III of the Constitution. *Id.* (citing *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988)).

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) federal question, 28 U.S.C. § 1331, and (2) diversity of citizenship, 28 U.S.C. § 1332. The facts alleged in the complaint, however, do not fall within the scope of either statute.

First, the complaint presents no basis for a finding of diversity jurisdiction. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties means that no party on one side may be a citizen of the same state as any party on the other side. *Wis. Dept. of Corrections v. Schacht*, 524 U.S. 381, 388 (1998). This court has no diversity jurisdiction over the instant case because it appears, according to the complaint, that Plaintiff and defendants are all residents of South Carolina. In the absence of diversity of citizenship, the amount in controversy is irrelevant.

Second, the allegations in the complaint are not sufficient to establish that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The complaint contains no legitimate reference to a violation by defendants of any federal statute or constitutional provision, nor is any type of federal question jurisdiction otherwise evident from the face of the complaint. To the extent that the complaint alleges Plaintiff's alleged interest in the Property, alleged negligence, or

11

breach of contract, such are causes of action under South Carolina state law. *See, e.g.*, *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (noting that "state law creates the cause of action" of negligence); *Hunt v. Robinson*, 852 F.2d 786, 787–88 (4th Cir. 1988) (describing a cause of action for "breach of contract" as a "claim[] cognizable under state law" and a "staple[] of state law").

Even if Plaintiff were to demonstrate proper standing to maintain this action, as Plaintiff fails to provide sufficient facts to establish federal jurisdiction, the case is subject to dismissal for lack of subject matter jurisdiction.

III.    Conclusion and Recommendation

For the foregoing reasons, it is recommended that the district judge grant the motion to dismiss [Entry #46].

IT IS SO RECOMMENDED.

July 17, 2014                                            Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).