IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Yamassee Indian Tribe,<br><br>PLAINTIFF<br><br>v.<br><br>Allendale County Government; Mr. Walter H. Sanders, Jr.; Harvey E. Rouse, Tax Assessor; Joe Mole, III; Ms. Thessa Smith; Calvin Brantley; and Elouise Brantley,<br><br>DEFENDANTS | Case No. 1:13-cv-01577-TLW-SVH<br><br>**Order** |

Plaintiff Yamassee Indian Tribe ("Tribe"), proceeding *pro se*, filed this civil action alleging state and federal claims against Defendants for actions taken regarding property the Tribe allegedly purchased at a tax sale. The Tribe seeks $571 million in damages. The matter now comes before the Court for review of the Report and Recommendation ("R&R") filed on July 18, 2014 by Magistrate Judge Hodges, to whom this case was assigned. (Doc. #76.) In the R&R, the Magistrate Judge recommends granting the Motion to Dismiss filed by Defendants Allendale County Government; Mr. Walter H. Sanders, Jr.; Harvey E. Rouse, Tax Assessor; Joe Mole, III; and Ms. Thessa Smith ("Allendale Defendants").[1] (Doc. #46.) The Tribe filed objections to the R&R on August 1, 2014. (Doc. #81.) This matter is now ripe for decision.

In reviewing the R&R, the Court applies the following standard:

---

[1] The motion to dismiss was filed prior to the Tribe filing, and the Magistrate Judge granting, a motion to amend the Complaint. (Docs. #58, 62, 63.) However, because the only change between the Complaint and the Amended Complaint was the amendment of a document entitled "Jurisdictional Standing (Complaint)" (Doc. #63-1), which had no effect on the substance of the Complaint, the Court construes the motion to dismiss and associated filings as relating to the Amended Complaint.

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the R&R and the objections. After careful review of the R&R and the objections, the R&R is **ACCEPTED IN PART**. The Court concludes that the Tribe may not proceed *pro se* for the reasons stated in the R&R, (Doc. #76 at 6–9), and that this Court does not have subject matter jurisdiction over the claim for the reasons stated in the R&R, (Doc. #76 at 10–12). The Court declines to rule on the question of whether the Tribe has standing to sue. Accordingly, the Tribe's objections are **OVERRULED**, and the Allendale Defendants' Motion to Dismiss (Doc. #46) is **GRANTED**. The Tribe's Complaint and Amended Complaint are hereby **DISMISSED WITHOUT PREJUDICE**.

Additionally, Defendants Calvin Brantley and Elouise Brantley ("Brantley Defendants") have filed counterclaims against the Tribe, asserting causes of action under state law for partition, accounting, and conversion. (Doc. #66 at 8–12.) To the extent that the Court has supplemental jurisdiction over these counterclaims, in light of the Court's ruling above, the Court declines to exercise supplemental jurisdiction over these counterclaims. *See* 28 U.S.C. § 1367(c)(3). Accordingly, the Brantley Defendants' counterclaims are **DISMISSED**

**WITHOUT PREJUDICE**.

Finally, the Tribe and the Brantley Defendants have each filed motions for summary judgment, (Docs. #67, 71), the Brantley Defendants filed a Request for Entry of Default on its counterclaims, (Doc. #72), and the Tribe filed a Motion to Strike the Request for Entry of Default, (Doc #80).  In light of the Court's ruling above, these motions are all **DISMISSED AS MOOT**.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*  
Terry L. Wooten  
Chief United States District Judge

August 15, 2014  
Columbia, South Carolina